UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2017 JUL 11  A 9:05

US DISTRICT COURT
BRIDGEPORT CT

MARVIN EDWARDS )
   Plaintiff )   JURY TRIAL DEMANDED
-v- )
BANK OF AMERICA. )
BENDETT & McHUGH )   Case No. 3:17 cv 1146 (MPS)
ATTORNEYS AT LAW )
 )
Defendants )

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE.

## NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (hereinafter "FDCPA"), or the Creditor's Collection Practices Act, Conn. Gen. Stat§3 6a-645 et seq. . and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

6. Bank of America employee told me personally via phone communication on June 30th 2017at 6:32pm that they had no interest in the loan of 54 Alpine avenue, Waterbury CT since 2012, and I have the phone conversation documented.

## PARTIES

6. Plaintiff, Marvin Edwards ("Plaintiff"), is a natural person who resides in Connecticut at all relevant times.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a (3) §17.50(a)(1)

8. Defendants, Bank of America, Bendett & McHugh attorneys at law("Defendants") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5)

9. Defendants is a "debt collector" as defined by 15 U.S.C. § 1692a (6)

## FACTUAL ALLEGATION

10. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant, Bank of America exhibited an assignment of mortgage stating they received it on 3/29/12, however the intangible obligation was transferred to multiple classes Of Ginnie Mae REMIC in 3/20/08. BOA has a fraudulent assignment.

14. Defendant Bendett & McHugh using Bank of America letter headings, with or without their permission sent me countless dunning letters through U.S mail.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FDCPA

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. Each Defendant is a "debt collector" as defined by section 1692a (6) of the FDCPA.

17. Plaintiff is a "consumer" as defined by section 1692a (3) of the FDCPA.

18. The Letters sent to the Plaintiff by Defendants are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

19. Defendants violated the FDCPA as to the Plaintiff and the Class. Defendants' violations include violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct.

(a) Using false, deceptive and misleading representations or means in connection

with the collection of an alleged debt;

    (b) Falsely representing the character, amount or legal status of an alleged debt;

    (c) Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

    (d) Failing to provide the consumer with a written notice containing the amount of the alleged debt.

20. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

21. As a result of the above violations of the FDCPA, Defendants is liable to Plaintiff for actual damages, statutory damages and any attorneys' fees and costs

## JURY TRIAL DEMAND.

22. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendants for actual damages, pursuant to 15 U.S.C. § 1692k (a) (1);

(b) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(c) That the Court award costs and any reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3);

(d) That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g and 36a-648; and,

(e) That the Court grant such other and further relief as may be just and proper, Including punitive damages and injunctive relief.

Marvin Edwards

54 Alpine Avenue

Waterbury, CT 06706

*/s/ Marvin Edwards*